# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL HALLER, ON HIS OWN
BEHALF AND OTHERS SIMILARLY
SITUATED,

                        **Plaintiffs,**

-vs-                                                  Case No. 6:08-cv-384-Orl-28KRS

CUSTOM INDUSTRIES OF NAPLES,
INC., JACK STROUBE,

                        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 12)** |
| **FILED:** | **September 18, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

## I. INTRODUCTION.

This cause came on for consideration of Plaintiff's Motion for Entry of Default Final Judgment against Defendant Custom Industries of Naples, Inc. The record before the Court reflects that Jack Stroube, who is alleged to be the owner of Custom Industries of Naples, Inc., Doc. No. 1, at ¶ 3, was also the registered agent for the corporation. Both Stroube's address as registered agent, and the corporation's principal place of business is 4795 Mercantile Avenue #1, Naples, Florida 34104. Doc. No. 12-2; *see also* Florida Dep't of State, Div'n of Corps,

http://www.sunbiz.org/scripts/cordet.exe?action=DETFIL&inq_doc_number=P06000006547&inq

_came_from=NAMFWD&cor_web_names_seq_number=0000&names_name_ind=N&names_cor

_number=&names_name_seq=&names_name_ind=&names_comp_name=CUSTOMINDUSTRIE

SNAPLES&names_filing_type= (last visited Sept. 30, 2008).  Process was purportedly served on

the corporation by serving the necessary papers on Cathy Elrod at the Mercantile Avenue office.

Doc. No. 12-2.

## II.  SERVICE OF PROCESS.

The Court requires additional briefing on whether this form of service of process on

Custom Industries of Naples, Inc. was effective.  Federal Rule of Civil Procedure 4(h),

incorporating by reference Federal Rule of Civil Procedure 4(e)(1), permits a plaintiff to serve a

corporation by personally serving an officer, managing, general or registered agent, or by

following the applicable state law.  Section 48.081, Florida Statutes, governs service of process on

a corporation in Florida.  Section 48.081 permits service on a hierarchy of corporate officers,

directors and agents or on the corporation's registered agent.

Florida law requires a Florida corporation to have a registered agent on whom process can

be served at the office of record of the registered agent during certain hours each business day.

Fla. Stat. § 48.091.  The statutes additionally provide "if service cannot be made on a registered

agent because of failure to comply with § 48.091, service of process shall be permitted on any

employee at the corporation's principal place of business or on any employee of the registered

agent."  *Id.* § 48.091(3)(a).

In this case, Plaintiff Haller has not shown that Cathy Elrod was either (1) an officer, director, or agent of Custom Industries of Naples, Inc., eligible to accept service of process on its behalf, (2) an employee, either of Stroube in his capacity as registered agent or of the corporation itself, or (3) that Stroube requested that service be made on Ms. Elrod.

Accordingly, it is **ORDERED** that, on or before October 13, 2008, Haller shall file a Renewed Motion for Entry of Default Final Judgment with an accompanying memorandum of law and evidence as necessary addressing why the clerk's entry of default as to Custom Industries of Naples, Inc., should not be vacated because service of process on the corporation has not been perfected.  Failure to file a supplemental memorandum of law that adequately addresses each of the above-referenced issues within the time required by this order may result in sanctions, including dismissal of the case.  *See* Fed. R. Civ. P. 16(f).

## III.  ATTORNEYS' FEES.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs "'bear[] the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)).  Fee counsel may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* and *Hensley* to support the reasonableness of this hourly rate in the relevant geographic

area.  Such evidence may include the opinion of an expert witness[1] and citation to cases in which

other courts have established a reasonable hourly rate for the professional seeking fees in the

relevant geographic area.[2]

   "[F]ee counsel should have maintained records to show the time spent on the different

claims, and the general subject matter of the time expenditures ought to be set out with sufficient

particularity so that the district court can assess the time claimed for each activity." *Norman v.*

*Hous. Auth.*, 836 F.2d at 1303.  At a minimum, this requires submission of contemporaneously

recorded time records showing the individual who performed the work, the description of the tasks

performed, and the number of hours worked on each task.[3]

---

   [1] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, doc. no. 113-10 (expert witness declaration regarding reasonable attorneys' fees).

   [2] Haller submitted a decision from the United States District Court for the Southern District of Florida in which the presiding judge awarded $275.00 per hour for an attorney's work in an FLSA case.  Doc. No. 12-6.  Andrew Frisch, counsel for Haller, avers he was the attorney who performed the work in that case.  Doc. No. 12-4 ¶ 8.  I note that Frisch seeks $300.00 per hour in this case, which exceeds the hourly rate established in the cited case.  Furthermore, the Court is aware that reasonable hourly rates for attorneys practicing in the Southern District of Florida generally exceed reasonable hourly rates for attorneys of similar education and experience practicing in the Middle District of Florida.

   [3] The Court has noted in a previous case filed by Morgan & Morgan, counsel for Haller, that time sheets did not appropriately reveal the work performed by a paralegal rather than an attorney. *See Girke v. Camillo Home Builders of Orlando, LLC*, Case No. 6:08-cv-461-Orl-28KRS, doc. nos.  11, 12-4 ¶ 6 & n.1.

Accordingly, in any renewed motion for entry of a default judgment, Haller shall support the request for an award of attorneys' fees as set forth herein.

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE